MILLS, Judge,
dissenting.
In February 1984, Eileen Goetz began working for the E/C as a bartender. In February 1985, she developed contact dermatitis on her hands, the result of on-the-job exposure to soapy water and citrus fruit. Her physician told her that she could work if she wore gloves. Goetz continued to work using gloves, reaching maximum medical improvement on 26 March 1985. She was fired in June 1985 over an unrelated disagreement with management.
Goetz thereafter sought wage loss benefits for the period between 1 July 1985 and 31 March 1986. With regard to the issue of permanent impairment, there was no medical testimony that Goetz was permanently impaired or that she would become permanently impaired if she continued working as a bartender. The most favorable medical testimony indicated that the skin condition would not clear up if she did not wear gloves while pursuing that occupation. The deputy commissioner concluded that Goetz was permanently impaired, citing OBS Company, Inc. v. Freeney, 475 So.2d 947 (Fla. 1st DCA 1985), and awarded wage-loss benefits.
In my view, the deputy commissioner’s reliance on OBS Company is misplaced. The claimant in that case developed allergic contact dermatitis from working with wet cement. While there was medical testimony that he suffered no permanent impairment under the AMA Guides, the testimony also established that, to avoid total incapacity, he could have no contact with wet cement and thus could not work in his chosen occupation. The deputy commissioner specifically relied on this medical testimony to find permanent impairment, citing the claimant’s inability to return to and perform the various physical activities of the employment in which he developed the occupational disease.
This court affirmed, finding that the claimant had clearly suffered “from permanent impairment which has resulted in his ‘incapacity because of the injury to earn in the same ... employment ’ ” the wages received at the time of the injury. OBS Company at 950 (emphasis in original). Due to his skin condition the claimant could not work in his chosen occupation and was unable to earn an equal wage in other employment without further training, thus suffering economic loss, the basis of the wage-loss concept. See also Dayron Corp. v. Morehead, 509 So.2d 930 (Fla. 1987) (AMA Guides are inapplicable when they preclude a finding of permanent impairment where the claimant suffered a disability due to an occupational disease which permanently impairs his ability to work and results in economic loss).
In this case, there was no medical testimony that Goetz was precluded by the risk of total incapacity from returning to her chosen occupation of bartending. The evidence showed only that her condition would not clear up unless she wore gloves while working, and there is no indication in this record that gloves would prevent the performance of the employment, either physically or aesthetically. Therefore, I cannot agree that, as a result of her condition, Goetz has suffered an economic loss equivalent to that relied on in OBS Company, and would reverse the award of wage-loss *1109 benefits based on the absence of permanent impairment.